UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | 2016 NOV 28 A 11: 38 |
| ) | Crim. No. 02:16 |
| v. ) | |
| ) | DEPUTY CLERK |
| MICHAEL A. LIBERTY ) | |

## PROSECUTION VERSION

If this case were to proceed to trial, the United States Attorney would prove the following facts.

### COUNT ONE
### Political Contributions in the Names of Others

The Federal Election Campaign Act of 1971, as amended, Title 52 U.S.C. §§ 30101, *et seq.* (formerly codified as Title 2 U.S.C. §§ 431, *et seq.* (2011)) (the "Election Act"), imposed financial limits on contributions for the election of candidates for federal office, including the Office of President of the United States, provided for the public disclosure of the financing of federal election campaigns, and prohibited any person from making any contribution in the name of another, including reimbursing a third person, before or after that third person's contribution, as inducement to make that contribution (*i.e.* conduit contributions). In 2011, the Election Act limited primary election campaign contributions to $2,500 from any individual to any one candidate or that candidate's authorized campaign committee.

The "Candidate" was a candidate in the primary election for the Office of President of the United States in 2011. The "Committee" was the Candidate's authorized campaign committee for the primary election 2011. "Company-1" was a Maine limited liability company with offices in the District of Maine and elsewhere. Defendant controlled Company-1 and routinely used the Company's bank account in Maine to pay personal expenses. "Company-2" was a Maine or a

1

Delaware company with offices in the District of Maine. Defendant owned and controlled Company-2.

In about May and June 2011, defendant, Michael A. Liberty knowingly and willfully orchestrated a conduit-contribution scheme in the District of Maine and elsewhere by making contributions in the names of others to the authorized campaign committee of a candidate for President of the United States, which conduit contributions aggregated $22,500 during the 2011 calendar year.

On May 10, 2011, defendant was contacted by a fundraiser for the Committee to request help in raising $2,500 contributions for the Candidate's primary election campaign. On May 13, 2011, defendant directly and indirectly solicited his employees, family members, and associates for $2,500 contributions to the Committee with the understanding that defendant would provide the funds for the contributions and that the employees, family members, and associates would serve as conduits. That same day, defendant caused funds to be disbursed from Company 1's bank account as an advance or reimbursement for the conduits' contributions. Between May 13, 2011, and June 1, 2011, nine of defendant's employees, family members, and associates made contributions to the Committee in their own names, for an aggregate contribution of $22,500. Defendant did not reveal to the Candidate or the Committee that he was the true source of the $22,500.

As an example of the conduit-contribution scheme, on May 13, 2011, Defendant asked an executive in Company-2 to get $2,500 checks from himself and three other employees, and defendant said he would send funds to reimburse them. That same day, the executive and three of defendant's employees wrote $2,500 contribution checks to the Committee. Also that same day, defendant caused $10,000 to be wired from Company 1's bank account to Company 2's

bank account, which then reimbursed the executive and the three employees for their contributions.

Prior to 2011, defendant had made numerous political contributions to federal candidates and had served as a host for political fundraisers. At the time he executed the conduit-contribution scheme, defendant knew it was unlawful to make contributions in the names of others.

Dated: October 18, 2016

/s/ Donald E. Clark

Donald E. Clark
Assistant United States Attorney
Ryan Ellersick
Trial Attorney, Public Integrity Section.
United States Department of Justice